

1 | **GARTH W. AUBERT – SBN 162877**
2 | **COURTNEY M. POEL – SBN 246299**
   | **MENDES & MOUNT, LLP**
3 | 445 S. Figueroa Street, 38th Floor
   | Los Angeles, CA  90071-1601
4 | Tel.: (213) 955-7700/ Fax: (213) 955-7725
   | Email: Garth.Aubert@mendes.com
5 | Email: Courtney.Poel@mendes.com
6 | Attorneys for Defendant
   | **PRATT & WHITNEY CANADA CORP.**
7 |
8 | **UNITED STATES DISTRICT COURT**
9 | **NORTHERN DISTRICT OF CALIFORNIA**

10 |

11 | LORI REZABEK-KELLS, | **CASE NO. CV08 3795**
12 | individually, as Successor-in-Interest, |
   | as Personal Representative of the | [Removal from Superior Court of
13 | Estates of PAUL KELLS and | California for the County of San
   | CONNOR KELLS, deceased, and as | Francisco, Case No. CGC-07-465132]
14 | GUARDIAN AD LITEM for |
   | MARGARET KELLS and LAUREN | **DEFENDANT PRATT & WHITNEY**
15 | KELLS, minors, | **CANADA CORP.'S NOTICE OF**
   | | **REMOVAL OF ACTION UNDER 28**
16 | DONALD RUETZ, individually, as | **U.S.C. § 1332(A)(1) AND § 1441(B)**
   | Successor-in-Interest, and as Personal |
17 | Representative of the Estates of | **[DIVERSITY OF CITIZENSHIIP]**
   | CYNTHIA RUETZ, RAYMOND |
18 | RUETZ, and TYLER RUETZ, | Complaint Filed: July 13, 2007
   | deceased, VANESSA GERMANI, |
19 | DANIEL NELSON and DONALD |
   | NELSON, individually and as |
20 | Successors-in-Interest of the Estate of |
   | CYNTHIA RUETZ, |
21 | | Plaintiffs,
22 |
   | vs.
23 |
   | PILATUS AIRCRAFT, LTD.,
24 | PILATUS BUSINESS AIRCRAFT,
   | LTD., PRATT & WHITNEY
25 | CANADA CORP., GG AIRCARAFT
   | LLC, DOES 1-25;
26 |
   | Defendants.
27 |
28 |

Defendant Pratt & Whitney Canada Corp.'s Notice of Removal

- 1 -

1   TO THE CLERK OF THE NORTHERN DISTRICT COURT OF CALIFORNIA
2   AND TO PLAINTIFFS AND THEIR COUNSEL:

3       PLEASE TAKE NOTICE that Defendant Pratt & Whitney Canada Corp.
4   ("P&WC") hereby removes this action from the Superior Court of California for
5   the County of San Francisco, to the United States District Court of the Northern
6   District of California, pursuant to 28 U.S.C. § 1332(a)(1), § 1441(b) (Diversity of
7   Citizenship) and § 1446. This Court has jurisdiction over this action pursuant to 28
8   U.S.C. § 1332(a). The removal of this action is based on the following:

9   **FACTUAL BACKGROUND**

10      1.      Plaintiffs Lori Rezabek-Kells, individually, and as Personal
11  Representative of the Estates of Paul Kells and Connor Kells, deceased; Lori
12  Rezabek-Kells as Guardian ad Litem for Margaret Kells and Lauren Kells, minors;
13  Donald Ruetz, individually, and as Personal Representative of the Estates of
14  Cynthia Ruetz, Raymond Ruetz, and Tyler Ruetz, deceased; Vanessa Germani,
15  Daniel Nelson and Donald Nelson, individually, and as Successors in Interest of
16  the Estate of Cynthia Ruetz (hereinafter collectively "Plaintiffs") filed this lawsuit
17  on July 13, 2007 in the Superior Court of California for the County of San
18  Francisco, being designated as Case No. CGC-07-465132 (hereinafter "the State
19  Court Action"). A copy of the Complaint in the State Court Action is attached
20  hereto as Exhibit "A".

21      2.      Plaintiffs allege numerous causes of action involving wrongful death,
22  survivorship, negligence, strict product liability and breach of warranty arising out
23  of an aircraft accident near Playa Flamingo, Costa Rica, on July 16, 2005. *See*
24  Compl. at ¶¶ 15-18, 20-25, 27-33, 35-38, 40-44.

25      3.      Plaintiffs allege that they have suffered injuries as described therein
26  including personal injuries and subsequent death, loss of support, loss of
27  companionship, property damage, and incidental expenses. *See* Compl. at ¶¶ 18,
28  25, 33, 38, 44.

1    4.    Plaintiffs originally named defendant, GG Aircraft LLC, which is a
2  Delaware corporation with its principal place of business in California.  However,
3  on March 19, 2008 the Court held the settlement between Plaintiffs, GG Aircraft
4  LLC, and individual members of the Gund family to be in good faith.  *See* Order
5  Denying Motion to Contest Settlement ("Good Faith Order") attached hereto as
6  Exhibit "B".  The Court ordered that any and all complaints or cross-complaints
7  filed against any of the settling parties in connection with the settled claims were
8  barred.  *See* Good Faith Order at pp. 2:23-25.  On August 5, 2008, pursuant to the
9  good faith settlement, Plaintiffs voluntarily dismissed GG Aircraft LLC, the only
10  remaining California defendant.  *See* Request for Dismissal filed in State Court
11  action attached hereto as Exhibit "C."  Plaintiffs also previously dismissed the
12  Pilatus defendants, neither of which are a California corporation.

13    5.    This Court has subject matter jurisdiction over this action and all
14  claims asserted against the defendants pursuant to 28 U.S.C. § 1332(a).

15    6.    Because this Court has subject matter jurisdiction over this action,
16  removal of this action to the Court is proper pursuant to 28 U.S.C. § 1441.

17    7.    Venue is proper in this Court pursuant to 28 U.S.C. §§ 84(c)(2) and
18  1441(a), because the United States District Court for the Northern District of
19  California is the federal judicial district and division embracing the Superior Court
20  of California for the County of San Francisco, where the State Court Action was
21  originally filed.

22    8.    This Notice of Removal is timely filed in compliance with 28 U.S.C.
23  § 1446, because it is filed within thirty days after the case became removable when
24  the non-diverse defendant in this action was dismissed.  As set forth above, this
25  case became removable when the last remaining California defendant was
26  voluntarily dismissed on August 5, 2007.  This removal is being filed on August 7,
27  2008.

28  ///

1    9.    The are no remaining defendants in this action to join in this removal.

2    10.    Pursuant to 28 U.S.C. § 1446(d), P&WC is filing this Notice of

3    Removal with this Court, serving a copy of this Notice upon Plaintiffs' counsel and

4    filing a copy in the Superior Court of California for the County of San Francisco.

5    ## DIVERSITY JURISDICTION – COMPLETE DIVERSITY

6    11.    This Court has subject matter jurisdiction over this action and all

7    claims asserted against the defendants pursuant to 28 U.S.C. § 1332(a).

8    12.    Under 28 U.S.C. § 1332(a), federal courts have original jurisdiction

9    over all civil actions where the action is between citizens of different States and the

10   matter in controversy exceeds the sum or value of $75,000, exclusive of interest or

11   costs. *See* 28 U.S.C. § 1332(a).

12   13.    As set forth below, this action satisfies all requirements for federal

13   jurisdiction under 28 U.S.C. § 1332(a).

14   14.    **Citizenship:** The Defendants and Plaintiffs in this matter are citizens

15   of different States and/or foreign states. Upon information and belief, Plaintiffs

16   Lori Rezabek-Kells (as both individual and personal representative for the Estates

17   of Paul Kells and Connor Kells), Margaret Kells, minor, and Lauren Kells, minor,

18   are citizens of the State of California. *See* Compl. at ¶ 1. Plaintiffs Donald Ruetz

19   (as both individual and personal representative for the Estates of Cynthia Ruetz,

20   Raymond Ruetz and Tyler Ruetz), Vanessa Germani-Ruetz, Donald Nelson and

21   Daniel Nelson are also citizens of the State of California. *See* Compl. at ¶ 2.

22   The remaining defendants are as follows:

23   •    Pratt & Whitney Canada Corp. is an unlimited liability company

24        incorporated under the laws of Canada with its principal place of

25        business in Longueuil, Québec, Canada.

26   15.    As seen above, no defendant is a citizen of California. Accordingly,

27   the requirement of complete diversity is satisfied. *See* 28 U.S.C. § 1332(a).

28   ///

16.   **Amount in Controversy**: It is facially apparent from the Complaint that Plaintiffs seek an amount in controversy in excess of $75,000.00. This is evidenced by the claims and damages sought. This case involves the death of two adults and three minor children. The decedents have left surviving spouses, minor children, and other family members. Plaintiffs seek damages for wrongful death, survivorship, negligence, strict product liability and breach of warranty. Plaintiffs' prayer includes general consequential damages, special damages, funeral/burial expenses, loss of earnings and earning capacity, and damage to personal property. Therefore, the amount in controversy clearly exceeds $75,000.00, exclusive of interest and costs, based on the allegations themselves. Accordingly, the amount in controversy requirement is satisfied. *See* 28 U.S.C. § 1332(a).

17.   Because 28 U.S.C. § 1332(a) confers federal subject matter jurisdiction over this action, removal of this action to this Court is proper pursuant to 28 U.S.C. § 1441.

18.   Pursuant to the applicable provisions of 28 U.S.C. § 1441 and other applicable statutes that P&WC has complied with, this cause of action is removable to the United States District Court for the Northern District of California.

WHEREFORE, for the reasons set forth above, P&WC requests that this Court assume full jurisdiction over this action as provided by law.

DATED: August_7, 2008

**MENDES & MOUNT, LLP**

By: _____
GARTH W. AUBERT
COURTNEY M. POEL
Attorneys for Defendant
**PRATT & WHITNEY
CANADA CORP.**

# EXHIBIT "A"

☐ **ORIGINAL**

1  Stuart R. Fraenkel (173991)
   **Kreindler & Kreindler LLP**
2  707 Wilshire Boulevard, Suite 4100
   Los Angeles, California 90017
3  Telephone (213) 622-6469
   Facsimile: (213) 622-6019
4  sfraenkel@kreindler.com

5  Noah H. Kushlefsky
   Brian J. Alexander
6  **Kreindler & Kreindler LLP**
   100 Park Avenue
7  New York, New York 10017
   Telephone (212) 687-8181
8  Facsimile (212) 972-9432

9  *Attorneys for Plaintiffs*

**F I L E D**

San Francisco County Superior Court

JUL 1 3 2007

**GORDON PARK-LI, Clerk**
BY: _____
                        **Deputy Clerk**

CASE MANAGEMENT CONFERENCE SET

DEC 1 4 2007 -9ᴼᴼ AM

**DEPARTMENT 212**  NO SUMMONS ISSUED

10              SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                   FOR THE COUNTY OF SAN FRANCISCO

12                        UNLIMITED JURISDICTION

13  LORI REZABEK-KELLS, individually, as        )  Case No. **CGC-07-465132**
    Successor in Interest, as Personal          )
14  Representative of the Estates of PAUL        )  **COMPLAINT FOR WRONGFUL**
    KELLS and CONNOR KELLS,                      )  **DEATH and SURVIVAL DAMAGES**
15  deceased, and as GUARDIAN AD                 )
    LITEM for MARGARET KELLS and                 )
16  LAUREN KELLS, minors,                        )
                                                 )  **JURY TRIAL DEMANDED**
17  DONALD RUETZ, individually, as               )
    Successor in Interest, and as Personal       )
18  Representative of the Estates of             )
    CYNTHIA RUETZ, RAYMOND RUETZ,                )
19  and TYLER RUETZ, deceased,                   )
    VANESSA GERMANI, DANIEL                      )
20  NELSON and DONALD NELSON,                    )
    individually and as Successors in            )
21  Interest of the Estate of CYNTHIA            )
    RUETZ,                                       )
22                          Plaintiffs,          )
                                                 )
23                     vs.                       )
                                                 )
24  PILATUS AIRCRAFT, LTD., PILATUS              )
    BUSINESS AIRCRAFT, LTD.,  PRATT              )
25  & WHITNEY CANADA CORP., GG                   )
    AIRCRAFT LLC, DOES 1-25,                     )
26                                               )
                            Defendants.          )
27  _____       )

28

BY FAX

1   Plaintiffs, LORI REZABEK-KELLS, individually, as Successor in Interest, as
2   Personal Representative of the Estates of PAUL KELLS and CONNOR KELLS, deceased,
3   and as GUARDIAN AD LITEM for MARGARET KELLS and LAUREN KELLS, minors, and
4   DONALD RUETZ, individually, as Successor in Interest, and as Personal Representative
5   of the Estates of CYNTHIA RUETZ, RAYMOND RUETZ, and TYLER RUETZ, deceased,
6   VANESSA GERMANI, DANIEL NELSON and DONALD NELSON, individually and as
7   Successors in Interest of the Estate of CYNTHIA RUETZ, allege against the defendants
8   as follows:

9                          **JURISDICTION AND VENUE**

10   1.   Plaintiffs LORI REZABEK-KELLS, MARGARET KELLS, minor, and LAUREN
11   KELLS, minor, are citizens of California.

12   2.   Plaintiffs DONALD RUETZ, VANESSA GERMANI-RUETZ, DONALD
13   NELSON and DANIEL NELSON are citizens of California.

14   3.   Defendant PILATUS BUSINESS AIRCRAFT, LTD., and DOES 1-3, are a
15   Colorado corporation with its principal place of business in Colorado; Defendant PILATUS
16   AIRCRAFT, LTD., and DOES 4-6, are a foreign corporation with its principal places of
17   business in Switzerland. At all times mentioned herein, PILATUS AIRCRAFT, LTD., by
18   and through its agents and  PILATUS BUSINESS AIRCRAFT, LTD., a wholly owned
19   subsidiary incorporated in Colorado (together referred to herein as "PILATUS"), and DOES
20   1-6, were and are doing substantial business in and had contacts with the State of
21   California sufficient for this Court to exercise jurisdiction over these defendants.

22   4.   Defendant PRATT & WHITNEY CANADA CORP. (referred to as "PRATT &
23   WHITNEY"), and DOES 7-9, are a foreign corporation with its principal place of business
24   in Canada. At all times relevant, PRATT & WHITNEY, and DOES 7-9, was and is doing
25   substantial business in and had contacts with the State of California sufficient for this Court
26   to exercise jurisdiction over it.

27   5.   Plaintiff is informed and believes and thereon alleges that at all times herein
28   mentioned, defendant GG AIRCRAFT LLC (hereinafter "GG AIRCRAFT") and DOES 10-12

-2-                                                206721.1

**COMPLAINT FOR WRONGFUL DEATH and SURVIVAL DAMAGES**

1  was a Delaware Limited Liability Company with its principal place of business and
2  members in San Francisco, California. At all times relevant, GG AIRCRAFT, and DOES
3  10-12, were and are doing substantial business in and had contacts with the State of
4  California sufficient for this Court to exercise jurisdiction over it.

5      6.      Plaintiffs are informed and believe and thereon allege that at all times herein
6  mentioned, defendants DOES 1-25, inclusive, and each of them, are individuals and
7  business organizations, the precise nature of which is not presently known to plaintiff, and
8  said defendants were authorized to and were doing business in, the County of Los
9  Angeles, State of California.  Once the exact business nature of said defendants is
10 ascertained by plaintiffs, the complaint will be amended to allege said defendants' correct
11 business status and capacity.  Plaintiffs are further informed and believe and thereon
12 allege that at all times herein mentioned, defendants DOES 1-25, inclusive, were involved
13 in the cause or contributed to the subject accident and/or injuries to the plaintiffs.

14     7.      The full extent of the facts linking the fictitiously designated DOE defendants
15 with the causes of action herein alleged are unknown to the plaintiffs, or their true names
16 and/or capacities, whether they are individual, plural, corporate, partnership, associate or
17 otherwise. Defendants DOES 1 through 50, inclusive, are unknown to plaintiffs. Plaintiffs
18 therefore sues said defendants by such fictitious names.  Plaintiffs are informed and
19 believe and thereon allege that each of the defendants designated herein as a DOE is
20 careless, negligent, wanton, reckless, tortious and unlawfully responsible in some manner
21 for the events and happenings hereinafter referred to and carelessly, negligently, wantonly,
22 recklessly, tortiously, wrongfully and unlawfully caused or contributed to the cause of the
23 injuries and damages thereby to plaintiff as herein alleged.  Plaintiffs will seek leave of
24 court to amend this complaint to show said defendants' true names and/or capacities after
25 the same has been ascertained.

26     8.      Plaintiffs are informed and believe and thereon allege that at all times
27 relevant hereto, the defendants, and each of them, were the agents, servants, employees
28 and joint venturers of the other remaining defendants, and were at all times herein

**COMPLAINT FOR WRONGFUL DEATH and SURVIVAL DAMAGES**

1  mentioned, acting within the course, scope and purpose of said agency, employment and
2  joint venture.

3      9.      Jurisdiction and venue are proper in this County and district pursuant to
4  section 395(a) of the Civil Code in that certain of the defendants reside and/or do business
5  in this County, and the aggregate amount of the claims exceed the jurisdictional minimum
6  of this Court.

7                              **GENERAL ALLEGATIONS**

8      10.     Plaintiff LORI REZABEK-KELLS brings actions for wrongful deaths,
9  individually, as Successor in Interest, as Personal Representative of the Estates of PAUL
10  KELLS and CONNOR KELLS, deceased, and as GUARDIAN AD LITEM for MARGARET
11  KELLS and LAUREN KELLS, minors. Plaintiff LORI REZABEK-KELLS is the surviving
12  wife of PAUL KELLS and the surviving mother of CONNOR KELLS. Plaintiff MARGARET
13  KELLS, minor, and LAUREN KELLS, minor, are the surviving daughters of PAUL KELLS
14  and the sisters of CONNOR KELLS.

15      11.     Plaintiff DONALD RUETZ brings actions for wrongful deaths, individually, as
16  Successor in Interest, and as Personal Representative of the Estates of CYNTHIA RUETZ,
17  RAYMOND RUETZ, and TYLER RUETZ, deceased. Plaintiff DONALD RUETZ is the
18  surviving husband of CYNTHIA RUETZ and the surviving father of RAYMOND RUETZ,
19  and TYLER RUETZ. Plaintiffs VANESSA GERMANI, DANIEL NELSON and DONALD
20  NELSON, bring actions for wrongful death, individually, and as Successors in Interest of
21  the Estate of CYNTHIA RUETZ. Plaintiff VANESSA GERMANI is the surviving daughter
22  of CYNTHIA RUETZ. Plaintiff DONALD NELSON is the surviving father of CYNTHIA
23  RUETZ. Plaintiff DANIEL NELSON is the surviving brother of CYNTHIA RUETZ.

24      12.     On and prior to July 16, 2005, the PILATUS defendants and DOES 1-6 were
25  in the business of designing, testing, certifying, manufacturing, inspecting, marketing,
26  distributing, selling, servicing, maintaining, repairing, providing replacement parts, and
27  supporting general aviation aircraft, including a certain Pilatus PC-6 Turbo Porter aircraft,
28  serial no. 908, and FAA Registration No. N908PL (the "SUBJECT AIRCRAFT") and wrote

1  and/or approved instructions and warnings for the Subject Aircraft, and its component
2  parts, including its flight and operations manuals, maintenance manuals, maintenance
3  instructions, service bulletins and inspection schedules.

4          13.    On and prior to July 16, 2005, defendant PRATT & WHITNEY and DOES 7-
5  9, was in the business of designing, testing, certifying, manufacturing, inspecting,
6  marketing, distributing, selling, servicing, maintaining, repairing, providing replacement
7  parts, and supporting turbine engines designed for general aviation aircraft, including a
8  certain PT6A-27 engine, serial no. PC-E42736 (the "SUBJECT ENGINE") which was
9  installed on the Subject Aircraft and wrote and/or approved instructions and warnings for
10 the Subject Engine, and its component parts, including its flight and operations manuals,
11 maintenance manuals, maintenance instructions, service bulletins and inspection
12 schedules. .

13         14.    On and prior to July 16, 2005, defendants GG AIRCRAFT LLC and DOES
14 10-12 were engaged in the business of owning, operating, controlling, using, testing,
15 equipping, servicing, maintaining, repairing and complying with Federal Aviation
16 Regulations for the subject aircraft.

17         15.    On or about July 16, 2005, PAUL KELLS, CONNOR KELLS, CYNTHIA
18 RUETZ, RAYMOND RUETZ and TYLER RUETZ were passengers aboard the SUBJECT
19 AIRCRAFT as it was being flown at or near Playa Flamingo, Costa Rica, when it crashed
20 causing serious, painful and ultimately fatal injuries to all persons on board the aircraft, and
21 causing the plaintiffs to sustain damages within the state of California.

22         16.    The accident, crash and resulting damages were caused by the careless,
23 negligent, reckless and unlawful acts and omissions of the defendants, and each of them,
24 as stated herein.

25         17.    As a result of the foregoing, PAUL KELLS, CONNOR KELLS, CYNTHIA
26 RUETZ, RAYMOND RUETZ AND TYLER RUETZ suffered pre-impact fear and terror, pain
27 and suffering, physical injury, pre-death fear and terror, and were otherwise injured in a
28 personal and pecuniary manner.

COMPLAINT FOR WRONGFUL DEATH and SURVIVAL DAMAGES

18.    As a result of the foregoing and the matters herein alleged, plaintiffs have sustained economic and non-economic damages, funeral and burial expenses, property damage and all other damages available by law.

### FIRST CAUSE OF ACTION FOR WRONGFUL DEATH AND SURVIVAL DAMAGES AGAINST DEFENDANTS PILATUS, PRATT & WHITNEY AND DOES 1-9 (NEGLIGENCE ALLEGATIONS)

19.    Plaintiffs reallege and incorporate by reference each and every allegation and statement contained in paragraphs 1 through 18 above as if fully set forth.

20.    At all times herein relevant, it was the duty of defendants PILATUS and PRATT & WHITNEY, including their officers, agents and employees, to exercise ordinary care in the design, testing, manufacture, assembly, inspection, sale, lease, distribution, maintenance, repair, servicing, developing and issuing instructions, and warnings, including service intervals, inspection intervals and life limits regarding the SUBJECT AIRCRAFT and its components, including the SUBJECT ENGINE, so as not to cause injury to or the death of members of the public, including PAUL KELLS, CONNOR KELLS, CYNTHIA RUETZ, RAYMOND RUETZ AND TYLER RUETZ.

21.    Notwithstanding these duties, defendants PILATUS and PRATT & WHITNEY breached their duties in the design, testing, manufacture, assembly, inspection, sale, lease, distribution, maintenance, repair, servicing, developing and issuing instructions and warnings, including service intervals, inspection intervals and life limits regarding the SUBJECT AIRCRAFT and its components, including the SUBJECT ENGINE.

22.    Plaintiffs are informed, believe and allege that defendants PILATUS and PRATT & WHITNEY negligently designed and/or manufactured and/or distributed the SUBJECT AIRCRAFT and its components, including the SUBJECT ENGINE, by utilizing a design and materials that allowed for the premature failure of certain components during normal and foreseeable operations.

23.    Defendants PILATUS and PRATT & WHITNEY, as the designers and/or manufacturers and/or distributors of the SUBJECT AIRCRAFT and SUBJECT ENGINE,

- 6 -

1   had a duty to provide adequate warnings, instructions, training materials and maintenance
2   and inspection procedures and intervals for the SUBJECT AIRCRAFT and the SUBJECT
3   ENGINE to ensure safe operation of the SUBJECT AIRCRAFT in normal flight, and they
4   failed in that duty.

5        24.    On or about July 16, 2005, as a direct and proximate result of one or more
6   negligent acts or omissions of defendants PILATUS and PRATT & WHITNEY, the
7   SUBJECT AIRCRAFT crashed.

8        25.    As a direct result of the aforesaid conduct of the defendants PILATUS and
9   PRATT & WHITNEY, and each of them, decedents PAUL KELLS, CONNOR KELLS,
10  CYNTHIA RUETZ, RAYMOND RUETZ, and TYLER RUETZ were killed, and as a result
11  plaintiffs LORI-REZABEK-KELLS, MARGARET KELLS, LAUREN KELLS, DONALD
12  RUETZ, VANESSA GERMANI, DANIEL NELSON and DONALD NELSON were injured
13  and damaged as herein alleged and according to proof at trial.

14

15                **SECOND CAUSE OF ACTION FOR WRONGFUL DEATH AND SURVIVAL**
                 **DAMAGES AGAINST DEFENDANTS PILATUS,**
16                   **PRATT & WHITNEY AND DOES 1-9**
                 **(STRICT LIABILITY ALLEGATIONS)**
17

18       26.    Plaintiffs reallege and incorporate by reference each and every allegation and
statement contained in paragraphs 1 through 18 above as if fully set forth.
19

20       27.    Plaintiffs are informed, believe and allege that defendants PILATUS and
PRATT & WHITNEY, and each of them, designed, manufactured, fabricated, converted,
21
maintained, repaired, modified, designed, assembled, distributed, bought, sold, leased,
22
inspected, serviced, repaired, marketed, tested, warranted, and advertised the SUBJECT
23
AIRCRAFT and the SUBJECT ENGINE, and each and every component part thereof.
24
     28.    Defendants were required to design and manufacture the SUBJECT
25
AIRCRAFT and the SUBJECT ENGINE, including all service, maintenance and operations
26
manuals so that they were free from design and manufacturing defects, and were required
27
to design and manufacture an engine that would not fail in flight and/or would not subject
28
critical component parts to premature failure. However, the SUBJECT ENGINE in the

206721.1

1    SUBJECT AIRCRAFT was not adequately designed and/or manufactured to prevent such

2    phenomena and was instead susceptible to in-flight failure and loss of power, thus causing

3    the SUBJECT AIRCRAFT to be unreasonably dangerous and unsafe.

4            29.    Plaintiffs are informed, believe and allege that defendants were required to

5    provide certain warnings, instructions, training materials and maintenance and inspection

6    intervals and procedures to operators of the SUBJECT AIRCRAFT and SUBJECT ENGINE

7    to enable them to determine the airworthiness and proper operation of the SUBJECT

8    AIRCRAFT and SUBJECT ENGINE. Defendants failed to warn, instruct, train and/or issue

9    adequate maintenance and inspection procedures and other instructions regarding such

10   dangers and/or issued inadequate warnings, instructions, training materials and

11   maintenance and inspection procedures and intervals.

12           30.    Plaintiffs are informed, believe and allege that the SUBJECT AIRCRAFT and

13   SUBJECT ENGINE had design and/or manufacturing defects which led to an engine failure

14   and caused catastrophic injuries to the occupants of the SUBJECT AIRCRAFT. As such,

15   the SUBJECT AIRCRAFT and SUBJECT ENGINE were defective, not fit for their intended

16   purposes, and were unreasonable unreasonably dangerous by reason of defective design,

17   manufacture, assembly, inspection, testing, warning, instruction, sale, lease, service,

18   repair, and/or maintenance on the part of defendants PILATUS and PRATT & WHITNEY.

19           31.    Plaintiffs are informed, believe and allege that Defendants PILATUS and

20   PRATT & WHITNEY, and each of them, knew of the defects and failed to warn of the

21   defects.

22           32.    Plaintiffs are informed , believe and allege that at the time of the accident, the

23   SUBJECT AIRCRAFT and SUBJECT ENGINE were being operated and used for the

24   purposes and in a manner for which they were designed, manufactured, assembled,

25   inspected, tested, sold, leased and intended to be used, and in a manner reasonably

26   foreseeable to defendants, and in the condition without substantial change from its original

27   condition when it was sold, leased and delivered by defendants PILATUS and PRATT &

28   WHITNEY.

1     33.    As a direct result of the defects in the SUBJECT AIRCRAFT and SUBJECT

2  ENGINE and the conduct of defendants PILATUS and PRATT & WHITNEY, and each of

3  them, decedents PAUL KELLS, CONNOR KELLS, CYNTHIA RUETZ, RAYMOND RUETZ,

4  and TYLER RUETZ were killed, and as a result plaintiffs LORI REZABEK-KELLS,

5  MARGARET KELLS, LAUREN KELLS, DONALD RUETZ, VANESSA GERMANI, DANIEL

6  NELSON and DONALD NELSON were injured and damaged as herein alleged and

7  according to proof at trial.

**THIRD CAUSE OF ACTION FOR WRONGFUL DEATH AND SURVIVAL**
**DAMAGES AGAINST DEFENDANTS PILATUS,**
**PRATT & WHITNEY AND DOES 1-9**
**(BREACH OF WARRANTY ALLEGATIONS)**

11     34.    Plaintiffs reallege and incorporate by reference each and every allegation and

12  statement contained in paragraphs 1 through 33 above as if fully set forth.

13     35.    Plaintiffs are informed, believe and allege that prior to the time the SUBJECT

14  AIRCRAFT and SUBJECT ENGINE were sold and delivered, through the date of the

15  accident, defendants PILATUS and PRATT & WHITNEY expressly and/or impliedly

16  warranted and represented that the SUBJECT AIRCRAFT and engine, including their

17  instructions and warnings, were free from defects, were airworthy, were of merchantable

18  quality, fit and safe for the purpose for which they were designed, manufactured,

19  assembled, inspected, tested, sold, leased, serviced, repaired, maintained, and intended

20  to be used. Defendants further warranted that the instructions, warnings and maintenance

21  and inspection procedures and intervals regarding the SUBJECT AIRCRAFT and engine

22  were adequate.

23     36.    Plaintiffs are informed, believe and allege that at the time the were sold,

24  leased and delivered, through the date of the accident, the defendants breached their

25  warranties in that the SUBJECT AIRCRAFT and SUBJECT ENGINE were defective, not

26  airworthy, not of merchantable quality, not fit and safe for the purpose for which they were

27  designed, manufactured, assembled, inspected, tested, sold, leased, serviced, repaired,

28  maintained, and intended to be used. Defendants further breached said warranties in that

1 | the instructions, warnings and maintenance and inspection procedures and intervals were
2 | not adequate.

3 |     37.    Plaintiffs are informed, believe and allege that on the day of the accident,
4 | decedents PAUL KELLS, CONNOR KELLS, CYNTHIA RUETZ, RAYMOND RUETZ, and
5 | TYLER RUETZ, by way of their invitation to be transported on the SUBJECT AIRCRAFT,
6 | were intended beneficiaries of the warranties extended by the defendants.

7 |     38.    As a direct result of the aforesaid breach of express and implied warranties
8 | by defendants PILATUS and PRATT & WHITNEY, and each of them, decedents PAUL
9 | KELLS, CONNOR KELLS, CYNTHIA RUETZ, RAYMOND RUETZ, and TYLER RUETZ
10 | were killed, and as a result plaintiffs LORI REZABEK-KELLS, MARGARET KELLS,
11 | LAUREN KELLS, DONALD RUETZ, VANESSA GERMANI, DANIEL NELSON and
12 | DONALD NELSON were injured and damaged as herein alleged and according to proof
13 | at trial.

14 |

15 | **FOURTH CAUSE OF ACTION FOR WRONGFUL DEATH AND SURVIVAL**
**DAMAGES AGAINST THE GG AIRCRAFT DEFENDANTS AND DOES 10-15**
16 | **(NEGLIGENCE ALLEGATIONS)**

17 |     39.    Plaintiffs reallege and incorporate by reference each and every allegation and
18 | statement contained in paragraphs 1 through 38 above as if fully set forth.

19 |     40.    Prior to and on July 16, 2005, and at all other relevant times herein, the GG
20 | AIRCRAFT DEFENDANTS and DOES 10-12 owned, inspected, maintained, controlled,
21 | used and operated the subject aircraft.

22 |     41.    On July 16, 2005, while the GG AIRCRAFT DEFENDANTS and DOES 10-12
23 | operated the subject aircraft on the subject flight, the subject aircraft crashed, causing
24 | plaintiffs' decedents to suffer serious injuries, death and resulting damages.

25 |     42.    Defendant GG AIRCRAFT DEFENDANTS and DOES 10-12 owed plaintiffs'
26 | decedents a duty of care with respect to the use, operation, control and maintenance of
27 | the subject aircraft so as not to cause injuries, death or damages.

28 |     43.    The crash of the subject aircraft and the resulting injuries, death and

- 10 -        206721.1

**COMPLAINT FOR WRONGFUL DEATH and SURVIVAL DAMAGES**

1 | damages were directly and proximately caused by the negligence, wrongdoing,
2 | carelessness, fault, and omission on the part of the GG AIRCRAFT DEFENDANTS and
3 | DOES 10-12, in that the GG AIRCRAFT DEFENDANTS and DOES 10-12, failed to
4 | exercise the degree of care necessary to ensure that the subject flight was conducted in
5 | the safest possible manner, utilizing a properly designed, manufactured and maintained
6 | aircraft suitable for the subject flight.

7 | 44.    As a direct result of the aforesaid negligence of the GG AIRCRAFT
8 | DEFENDANTS and DOES 10-12, and as a direct and proximate result of the acts and
9 | omissions of defendants as stated herein, decedents PAUL KELLS, CONNOR KELLS,
10 | CYNTHIA RUETZ, RAYMOND RUETZ, and TYLER RUETZ were killed, and as a result
11 | plaintiffs LORI REZABEK-KELLS, MARGARET KELLS, LAUREN KELLS, DONALD
12 | RUETZ, VANESSA GERMANI, DANIEL NELSON and DONALD NELSON were injured
13 | and damaged as herein alleged and according to proof at trial.

14 |

15 | **PRAYER FOR RELIEF**

16 | WHEREFORE, plaintiffs expressly reserves the right to amend the complaint up to
17 | and including the time of trial to include all theories of recovery and items of damages not
18 | yet ascertained, and demand judgments against Defendants as follows:

19 | 1.    For general damages as set forth herein in a sum in excess of the jurisdiction
20 |        of this Court and according to proof;

21 | 2.    For special damages as set forth herein and according to proof;

22 | 3.    For funeral and burial expenses according to proof;

23 | 4.    For loss of earnings and loss of earning capacity in an amount according to
24 |        proof;

25 | 5.    For damage to personal property;

26 | 6.    For prejudgment interest according to proof, to the extent authorized by law;

27 | 7.    For costs of suit incurred herein; and

28 | ///

- 11 -

206721.1

1      8.      For such other and further relief as the Court deems just and proper.

2

3    Dated: July 12 , 2007

4                                              KREINDLER & KREINDLER LLP

5

6                                    By:    _____
                                              STUART R. FRAENKEL
7                                             NOAH H. KUSHLEFSKY
                                              BRIAN J. ALEXANDER
8                                             Attorneys for Plaintiffs

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    - 12 -                                    206721.1

1                         **DEMAND FOR JURY TRIAL**

2       Plaintiffs hereby request a trial by jury.

3

4 Dated: July 12, 2007

5                               KREINDLER & KREINDLER LLP

6

7                    By:

8                                STUART R. FRAENKEL

                               NOAH H. KUSHLEFSKY

9                                BRIAN J. ALEXANDER

                               Attorneys for Plaintiffs

10

- 13 -

**COMPLAINT FOR WRONGFUL DEATH and SURVIVAL DAMAGES**

# EXHIBIT "B"

1 | JONATHAN S. MORSE (SBN 74812)
THE MORSE LAW GROUP
2 | 2800 28th Street, Suite 130
Santa Monica, California 90405-6213
3 |
Telephone: (310) 396-0700
4 | Facsimile: (310) 396-0900

5 | Attorneys for Defendant GG Aircraft LLC

6 |

ENDORSED
F I L E D
*San Francisco County Superior Court*

MAR 1 9 2008

GORDON PARK-Li, Clerk
BY: ――――――――
Deputy Clerk

7 |

8 |                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 |                        FOR THE COUNTY OF SAN FRANCISCO

10 |

11 | LORI REZABEK-KELLS, etc., et al.,            )  CASE NO. GGC-07-465132
                                               )
12 | DONALD RUETZ, etc., et al.,                  )  [PROPOSED] ORDER DENYING MOTION
                                               )  TO CONTEST SETTLEMENT AND
13 |                Plaintiffs,                   )  DETERMINING PROPOSED SETTLEMENT
                                               )  TO BE IN GOOD FAITH
14 |        vs.                                   )  [*C.C.P.* §877.6 (a) (2)]
                                               )
15 | PILATUS AIRCRAFT, LTD., etc., et al,         )  ACTION FILED:        July 13, 2007
                                               )
16 |                Defendants.                   )
                                               )
17 |

18 |        There has been presented to this Court the Amended Application of Defendant GG

19 | AIRCRAFT LLC (acting on behalf of itself and all other persons and entities identified as

20 | Releasees in the proposed Settlement Agreement) for an Order determining the good faith of their

21 | proposed settlement with the plaintiffs in this matter.

22 |        Defendant Pratt & Whitney Canada Corp. has filed a Motion to Contest the Good Faith of

23 | the proposed settlement set forth in GG Aircraft LLC's original application. The settlement

24 | agreement in the original application and the settlement agreement in the amended application are

25 | identical except for additional promises by two of the releasees and clerical changes, and the

26 | motion to contest good faith settlement of the original settlement agreement is deemed to be a

27 | motion to contest the good faith of the amended settlement agreement.

28 |

[PROPOSED] ORDER DENYING MOTION TO CONTEST AND DETERMINING GOOD FAITH SETTLEMENT

1    Pratt & Whitney Canada Corp.'s motion came on for hearing on January 17, 2008 and was
2 continued to March 19, 2008 to permit Pratt & Whitney to conduct further discovery.

3    On March 19, 2008, Pratt & Whitney Canada Corp.'s motion came on for hearing in
4 Department 302 of this Court. Garth Aubert appeared for defendant Pratt & Whitney Canada
5 Corp. Jonathan S. Morse appeared for defendant GG Aircraft LLC. Stuart Fraenkel appeared for
6 plaintiffs. Having reviewed all documents submitted in support of and in opposition to the
7 motion, having heard arguments of counsel, and being fully advised in the premises, this Court
8 finds that Pratt & Whitney has not sustained its burden of proof to contest the proposed settlement
9 and the motion is denied.

10    IT APPEARING TO THE SATISFACTION OF THE COURT THAT (i) the Amended
11 Application of GG Aircraft LLC is made pursuant to California Code of Civil Procedure §
12 877.6(a)(2); (ii) copies of the Amended Notice of Conditional Settlement [CCP Section 877.6],
13 Amended Notice of Sliding Scale Agreement [CCP Section 877.5], Amended Application for
14 Determination of Good Faith Settlement (with a copy of the proposed Settlement Agreement
15 attached thereto)were served by Certified Mail, Return Receipt Requested on Pilatus Aircraft Ltd.,
16 upon counsel for Pilatus Business Aircraft Ltd. and upon counsel of record for Pratt & Whitney
17 Canada Corp.; (iii) no notice of motion to contest the good faith of settlement (other than the
18 Motion of Pratt & Whitney Canada Corp.) has been served or filed within the time allowed by
19 California Code of Civil Procedure § 877.6(a)(2); and (iv) no confidentiality clause of any kind is
20 contained as part of said settlement; now, therefore, IT IS ORDERED that the Settlement
21 described in said Amended Application is in good faith within the meaning of California Code of
22 Civil Procedure § 877.6.

23    IT IS FURTHER ORDERED that any and all complaints or cross complaints filed or
24 hereafter filed against any of the settling parties for contribution, or partial or comparative
25 indemnity, in connection with any of the settled claims are barred.

26
       MAR 1 9 2008                      PATRICK J. MAHONEY
27 DATED: _____          _____

28                                      JUDGE OF THE SUPERIOR COURT

                                        -2-

# EXHIBIT "C"

CIV-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address)*:<br>Stuart R. Fraenkel (SBN 173991)<br>KREINDLER & KREINDLER LLP<br>707 Wilshire Boulevard, Suite 4100<br>Los Angeles, CA 90017 | TELEPHONE NO.:<br>213-622-6469 | FOR COURT USE ONLY |
|---|---|---|

ATTORNEY FOR *(Name)*:  Plaintiffs Lori Kells, et al. & Donald Ruetz, et al.

Insert name of court and name of judicial district and branch court, it any:

Superior Court of California, County of San Francisco

PLAINTIFF/PETITIONER:  Lori Kells, et al. & Donald Ruetz, et al.

DEFENDANT/ RESPONDENT:  Pilatus Aircraft, Ltd., et al.

| **REQUEST FOR DISMISSAL**<br>[✓] Personal Injury, Property Damage, or Wrongful Death<br>[ ] Motor Vehicle  [ ] Other<br>[ ] Family Law<br>[ ] Eminent Domain<br>[ ] Other *(specify)* : | CASE NUMBER:<br>CGC-97-465132 |
|---|---|

**- A conformed copy will not be returned by the clerk unless a method of return is provided with the document. -**

1. TO THE CLERK: Please dismiss this action as follows:
   a. (1) [✓] With prejudice    (2) [ ] Without prejudice
   b. (1) [ ] Complaint    (2) [ ] Petition
      (3) [ ] Cross-complaint filed by *(name)*:                    on *(date)*:
      (4) [ ] Cross-complaint filed by *(name)*:                    on *(date)*:
      (5) [ ] Entire action of all parties and all causes of action
      (6) [✓] Other *(specify)*:*  As to GG Aircraft LLC, only.

Date:  August 5, 2008

Stuart R. Fraenkel
................................................
(TYPE OR PRINT NAME OF  [✓] ATTORNEY [ ] PARTY WITHOUT ATTORNEY)                                    (SIGNATURE)

*If dismissal requested is of specified parties only or specified causes of action only, or of specified cross-complaints only, so state and identify the parties, causes of action, or cross-complaints to be dismissed.

Attorney or party without attorney for:
[✓] Plaintiff/Petitioner    [ ] Defendant/Respondent
[ ] Cross - complainant

2. **TO THE CLERK:** Consent to the above dismissal is hereby given.**
   Date:

................................................
(TYPE OR PRINT NAME OF  [ ] ATTORNEY [ ] PARTY WITHOUT ATTORNEY)                                    (SIGNATURE)

** If a cross-complaint- or Response (Family Law) seeking affirmative relief -is on file, the attorney for cross-complainant (respondent) must sign this consent if required by Code of Civil Procedure section 581 (i) or (j).

Attorney or party without attorney for:
[ ] Plaintiff/Petitioner    [ ] Defendant/Respondent
[ ] Cross - complainant

*(To be completed by clerk)*
3. [ ] Dismissal entered as requested on *(date)*:
4. [ ] Dismissal entered on *(date)*:                    as to only *(name)*:
5. [ ] Dismissal **not entered** as requested for the following reasons *(specify)*:

6. [ ] a. Attorney or party without attorney notified on *(date)*:
       b. Attorney or party without attorney not notified. Filing party failed to provide
          [ ] a copy to conformed [ ] means to return conformed copy

Date:                              Clerk, by_____ , Deputy

Page 1 of 1

Form Adopted for Mandatory use<br>Judicial Council of California<br>CIV-110 [Rev. January 1, 2007]

**REQUEST FOR DISMISSAL**

Code of Civil Procedure, § 581 et seq.;<br>Cal. Rules of Court, rule 3.1390<br>www.courtinfo.ca.gov

American LegalNet, Inc.<br>www.FormsWorkflow.com

1                                 **PROOF OF SERVICE**

2    **STATE OF CALIFORNIA**      )

                                       )

3    **COUNTY OF LOS ANGELES** )

         I, the undersigned, declare:

4

         I am employed in the County of Los Angeles, State of California. I am over the age of 18

5

and not a party to the within action; my business address is 707 Wilshire Boulevard, Suite 4100,

6

Los Angeles, California 90017.

7

         On August 5, 2008, I served the foregoing document described as follows:

8

                           **REQUEST FOR DISMISSAL**

9

         on the interested parties in this action by placing true copies thereof enclosed in sealed

10

envelopes addressed as stated on the attached service list, as

11

12   _X_   BY MAIL:

         I am "readily familiar" with the firm's practice of collection and processing correspondence for

13         mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day

         with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.

14         I am aware that on motion of the party served, service is presumed invalid if postal cancellation

         date or postage meter date is more than one day after date of deposit for mailing in affidavit.

15

    ___   BY PERSONAL SERVICE:

16         I caused to be delivered such envelope by hand to the offices of the addressee.

17     ___   BY FEDERAL EXPRESS OR OVERNIGHT COURIER

18     ___   BY ELECTRONIC MAIL:

         I served by electronic mail at the email address(es) below:

19

    ___   BY TELECOPIER:

20         I served by facsimile at the numbers listed below:

21   _X_   (State) I declare under penalty of perjury under the laws of the State of California that the

         above is true and correct.

22

    ___   (Federal) I declare that I am employed in the office of a member of the bar of this Court

23         at whose direction the service was made.

24

         Executed on August 5, 2008, at Los Angeles, California.

25

26       ___Wendy Kurtz___

          (Type of Print Name)                     (Signature)

27

28

1

2

**SERVICE LIST**
*Kells, et al. v. Pratt & Whitney Canada Corp., et al.*
**Case No. CGC-97-465132**

3     Mr. Garth W. Aubert                        *Attorneys for Defendant,*
   **MENDES & MOUNT LLP**              *Pratt & Whitney Canada Corp.*

4     445 South Figueroa Street, 38th Floor
   Los Angeles, CA 90071-1601

5     Telephone:   213-955-7700
   Facsimile:   213-955-7725

6     Email:       garth.aubert@mendes.com

7     Jonathan S. Morse (CA SBN 74812)      *Attorneys for Defendant,*
   **MORSE LAW GROUP**                *GG Aircraft LLC*

8     2800 28th Street, Suite 130
   Santa Monica, CA 90405

9     Telephone:   310-396-0700
   Facsimile:   310-396-0900

10    Email:       jmorse@morselawgroup.com

11    Elizabeth L. Crooke                  *Attorneys for Gund Plaintiffs*
   **ENGSTROM, LIPSCOMB & LACK**

12    10100 Santa Monica boulevard, 16th Floor
   Los Angeles, CA 90067

13    Telephone:   310-522-3800
   Facsimile:   310-552-9434

14    Email:       bcrooke@elllaw.com

15    Noah Kushlefsky                   *Attorneys for Plaintiffs, Lori Kells,*
   Brian J. Alexander                *individually and as guardian ad litem for*

16    **KREINDLER & KREINDLER LLP**    *Margaret and Lauren Kells, minors,*
   100 Park Avenue                  *Donald Ruetz, Vanessa Germani, Daniel*

17    New York, NY 10017             *Nelson and Donald Nelson*
   Telephone:   212-687-8181

18    Facsimile:   212-972-9432
   Email:       nkushlefsky@kreindler.com

19                      balexander@kreindler.com

20    Stuart R. Fraenkel (CA SBN 173991)    *Attorneys for Plaintiffs, Lori Kells,*
   **KREINDLER & KREINDLER LLP**    *individually and as guardian ad litem for*

21    707 Wilshire Blvd., Suite 4100      *Margaret and Lauren Kells, minors,*
   Los Angeles, CA 90017          *Donald Ruetz, Vanessa Germani, Daniel*

22    Telephone:   213-622-6469        *Nelson and Donald Nelson*
   Telecopier:   213-622-6019

23    Email:       sfraenkel@kreindler.com

24

25

26

27    212895.1

28

## PROOF OF SERVICE

**STATE OF CALIFORNIA**      )     **Kells v. Pilatus Aircraft, Ltd.**
                              ) ss.   **SFSC Case No. CG-07-465132**
**COUNTY OF LOS ANGELES**    )     **Our File No. 390,583**

      I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 445 S. Figueroa Street, Suite 3800, Los Angeles, California 90071.

      On **August 7, 2008,** I served the document described as **DEFENDANT PRATT & WHITNEY CANADA CORP.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1332(A)(1) AND § 1441(B)** on the interested parties in this action, as follows:

### SEE ATTACHED SERVICE LIST

__X__  **(By U.S. Mail)** By placing _____ the original / __X__ a true copy thereof enclosed in a sealed envelope, with postage fully paid, addressed as per the attached service list, for collection and mailing at Mendes & Mount in Los Angeles, California following ordinary business practices.  I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

_____  **(By Facsimile)** I transmitted from a facsimile transmission machine whose telephone number is (213) 955-7725 the above-entitled document to the parties listed on the attached Service List and whose facsimile transmission machine telephone number is indicated.  The above-described transmission was reported as complete without error by a transmission report issued by the facsimile transmission machine upon which the said transmission was made immediately following the transmission. A true and correct copy of the said transmission report is attached hereto and incorporated herein by this reference.

_____  **(By FedEx)** I placed the above-entitled document in a FedEx (Overnight) envelope/pouch as addressed and indicated on the attached service list, with delivery fees paid or provided for and deposited in a facility regularly maintained by the express service carrier or delivered to a courier or driver authorized to receive documents on its behalf.

__X__  **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

      Executed on **August 7, 2008,** at Los Angeles, California.

                                    Lissette M. Fernandez

102611.2 _POS(Kells State Court)

1

## SERVICE LIST

2

**VIA U.S. Mail**
Attorneys for Plaintiff
Stuart R. Fraenkel
Kreindler & Kreindler
707 Wilshire Blvd., Ste.
4100
Los Angeles, CA 90017
213-622-6469 / 213-622-
6019 (Fx)

**Via U.S. Mail**
Jonathan S. Morse
The Morse Law Group
2800 28th Street, Ste. 130
Santa Monica, CA 90405-
6213
310-396-0700 / 310-396-
0900 (Fx)

**Via U.S. Mail**
Noah Kushlefsky
Brian J. Alexander
Kreindler & Kreindler,
LLP
100 Park avenue
New York, NY 10017
212-687-8181
212-972-9432

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

102611.2 _POS(Kells State Court)